J-A12021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.Y., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: T.Y., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2819 EDA 2022 |

Appeal from the Order Entered September 26, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0000992-2020

| | | |
|---|---|---|
| IN THE INTEREST OF: S.D.Y.T., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: T.Y., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2820 EDA 2022 |

Appeal from the Decree Entered September 26, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000247-2022

BEFORE: OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

DISSENTING MEMORANDUM BY OLSON, J.:          **FILED JULY 18, 2023**

The learned Majority vacates the trial court's order terminating the parental rights of T.Y. ("Mother") and changing the permanency goal of S.Y. ("Child") to adoption and remands this case to the trial court to determine whether Attorney Irene Levy may represent both the best interests and the legal interests of Child. As I believe that remand is unnecessary and that

termination of the parental rights of Mother was appropriate, I would affirm the trial court. Accordingly, I must respectfully dissent.

As articulated more fully by the Majority, Child was born in September 2020 at 33 weeks of gestation weighing three pounds and eight ounces. Upon Child's birth, she tested positive for marijuana and oxycodone. Mother tested positive for various drugs and was diagnosed with various mental illnesses. Mother had a history of unstable housing and was living in a hotel at the time of Child's birth. On September 18, 2020, the Philadelphia Department of Human Services ("DHS") obtained a protective custody order and placed Child in a pre-adoptive home with T.M. Child has been living with T.M. since her birth in September 2020.

On September 21, 2020, the trial court appointed Attorney Claire Leotta to serve as Child's guardian *ad litem* ("GAL"). On November 17, 2020, Child was adjudicated dependent and placed in the care of DHS.

On April 13, 2022, DHS filed a petition to terminate Mother's parental rights to Child and to change Child's permanency goal to adoption. On August 30, 2022, Attorney Levy was appointed as Child's GAL. On September 26, 2022, a hearing was held on DHS's petition following which the trial court entered an order terminating Mother's parental rights and changing Child's permanency goal to adoption. Mother filed this timely appeal raising only one issue: whether termination of Mother's parental rights best serves Child's developmental, physical and emotional needs and welfare as required by 23 Pa.C.S.A. § 2511(b). Appellant's Brief at 4.

The Majority does not address the merits of Mother's claim. Instead, the Majority notes that, although the trial court appointed a GAL for Child, the trial court failed to appoint legal counsel. Majority at *6. Relying on *In re Adoption of K.M.G.*, 240 A.3d 1218 (Pa. 2020), the Majority finds that the trial court erred in failing to ascertain whether Attorney Levy can represent both the best interests and the legal interests of Child. Hence, the Majority vacates the trial court's order and remands for the trial court to make an express determination as to whether there is a conflict between Child's legal interests and best interests and to appoint separate legal counsel if such a conflict is found to exist. Majority at **5-6.

Although my colleagues acknowledge that Child was only two years old at the time of the termination hearing, they find that the failure to have an express determination by the trial court that Child was too young to articulate a preference was fatal. *Id.* at *6 n.3. I disagree with this conclusion.

In *In re: T.S.*, 192 A.3d 1080 (Pa. 2018), the parental rights of a mother were terminated as to her two children. The children were ages two and three at the time of the termination proceedings. The trial court appointed a GAL to represent the children but did not appoint separate legal counsel. On appeal, appellant argued, *inter alia*, that the children should have been represented by appointed counsel separate from the GAL. In framing the issue, the Supreme Court noted that the parties agreed that the young ages of the children prevented them from forming "a subjective, articulable preference to be advanced by counsel during the termination proceedings."

*Id.* at 1089. Thus, "[t]he question [] becomes whether the requirement of [23 Pa.C.S.A. § 2313(a)], that counsel be appointed to 'represent the child' in a contested [termination of parental rights] proceeding, can be deemed to have been fulfilled by an attorney-GAL who has already been appointed and is present in those proceedings, advocating for the child's best interests." *Id.* at 1089. In deciding this issue, the High Court looked at Section 6311 of the Juvenile Act for guidance. The Court noted that this section,

> initially states that the [GAL] is to "represent the legal interests and the best interests of the child." 42 Pa.C.S.A. § 6311(a). It then specifies that the [GAL] must "[a]dvise the court of the child's wishes *to the extent that they can be ascertained* and present to the court whatever evidence exists to support the child's wishes." 42 Pa.C.S.A. § 6311(b)(9). By straightforward implication, if the wishes of the child cannot be ascertained, the GAL has no duty to "advise the court" of such wishes. For purposes of the proceeding, such wishes do not exist.

*Id.* at 1089-1090 (emphasis in original, footnote omitted). The Court concluded that "if the preferred outcome of a child is incapable of ascertainment because the child is very young and pre-verbal, there can be no conflict between the child's legal interests and his or her best interests." *Id.* at 1092. Hence, the statutory mandate under 23 Pa.C.S.A. § 2313(a) that counsel be appointed to represent the child is satisfied where the court has appointed an attorney-GAL who represents the child's best interests during the termination proceedings. *Id.* at 1092-1093; *see also In re M.M.R.*, 287 A.3d 894 (Pa. Super. 2022) (non-precedential decision) (GAL can represent both legal and best interests of four-year-old child in accordance with *In re:*

*T.S.*); *In re D.F.*, 220 A.3d 679 (Pa. Super. 2019) (non-precedential decision) (same involving three and one-half year-old child).[1]

In this case, Child had just turned two years-of-age at the time of the termination proceedings. In her brief filed with this Court, Attorney Levy stated that she met virtually with Child and T.M days before the termination hearing. GAL's Brief at 13. T.M. informed Attorney Levy that Child had just started to speak. *Id.* Attorney Levy observed during this session that Child was too young to understand termination and adoption. *Id.* In light of Child's pre-verbal age and inability to articulate any preference, I believe that, in accordance with our High Court's holding in *In re: T.S.*, there can be no conflict between Child's legal interests and her best interests. Accordingly, there is no need to remand this case and further delay its final adjudication.[2]

Instead, I believe that there is no merit to Mother's claim on appeal. As previously noted, Mother's only issue argued on appeal is whether the trial court erred in finding that there is no bond between Mother and Child and that

---

[1] Pursuant to § 65.37(B) of the Superior Court Operating Procedures, non-precedential memorandum decisions of the Court filed after May 1, 2019 may be cited for their persuasive value. *See also* Pa.R.A.P. 126(b).

[2] I note that Attorney Levy was present at and participated in the termination proceedings and joined in DHS's recommendations that Mother's parental rights be terminated and that the permanency goal be changed to adoption. Notes of Testimony, 9/6/26, at 86. Attorney Levy also filed a brief with this Court setting forth her arguments in support of the trial court's order.

termination best serves the developmental, physical and emotional needs and welfare of Child as required by 23 Pa.C.S.A. § 2511(b).

In addressing the bond between Mother and Child, the trial court stated:

There was compelling testimony that [] Child would not suffer harm if Mother's parental rights were terminated and that Child was significantly bonded with her foster mother [T.M.] who she has lived with since birth. Mother testified that Child called T.M. her mother and that Child does not really know her. However, Mother believes Child is bonded to her, but she failed to offer any evidence establishing the existence of a parent-child bond. Mother has never contacted [Community Umbrella Agency] for updates on Child or provided financial support for Child. Additionally, the testimony demonstrated that Child's foster mother meets all of her medical and emotional needs. In determining that termination would best serve the needs and welfare of [] Child, [the trial c]ourt considered that Mother has not been able to meet [] Child's emotional, physical, and developmental needs for over two years prior to the termination hearing.

Trial Court Opinion, 1/13/23, at 15-16 (citations omitted). The record supports the trial court's findings thus warranting affirmance. **In re Adoption of T.M.F.**, 573 A.2d 1035, 1044 (Pa. Super. 1990) (appellate review of a termination order is limited to whether the trial court's order is supported by competent evidence; unless the trial court has abused its discretion or committed an error of law, the order must stand); **see In the Interest of K.T.**, ___ A.3d ___, 2023 WL 4092986 (Pa. 2023) (determination of a child's particular developmental, physical, and emotional needs and welfare must be made on a case-by-case basis and include intangibles such as love, comfort, security and stability; court must also consider whether child is in a pre-adoptive home and has a bond with foster parent).

As I believe that remand is unwarranted and that the trial court properly terminated Mother's parental rights to Child, I respectfully dissent.